## Case No. 3,238.

### CORNELL v. LITTLEJOHN.

[2 Ban. & A. 324;[1] 9 O. G. 837, 922.]

Circuit Court, S. D. New York. May Term, 1876.

PATENTS—"BUNG BUSHING"—INFRINGEMENT—INJUNCTION—DECISION IN OTHER CIRCUIT.

1. The complainant's patent was reissued in two parts. Division A was for the "screw-threaded metallic bung bushing, made tapering upon both its outer and inner sides, and provided with the flange B, having the V-shaped notch d, as and for the purposes described." In division B the patentee said, "We do not wish to confine ourselves exclusively to the V-shaped projection, as any form that will prevent the core from turning independently of the bush will produce the same result." The defendant used a wrench constructed in a manner different from that claimed in complainant's patent, it having no V-shaped projection, but so constructed that, by means of the friction caused by an eccentric boss pressed against the inner surface of the bush, the bush was turned into the barrel. Upon these facts the court denied a motion for a preliminary injunction.

2. A decision on a preliminary application for an injunction is not of controlling right in another circuit.

[This was a bill in equity by George B. Cornell against Lomax Littlejohn for infringement of patents.]

S. A. Goodwin and B. F. Lee, for complainant.

S. A. Duncan and Hiram Ketchum, for defendant.

JOHNSON, Circuit Judge. In my opinion, the bush and wrench used by the defendant are not infringements of the patents Nos. 5,026 and 5,027 of the plaintiff, or either of them. The obvious proof of this, consists in the facts, that the plaintiff's wrench cannot be used with the Littlejohn bush, and that the plaintiff's bush and wrench are adapted to each other, the bush by a V-shaped notch in its outer rim, and the wrench by a projection of a shape to fit into the notch in the bush. The turning force applied to the wrench operates upon the bush by the contact and engagement of the projection with the notch in the bush. At that point only is the force applied.

The plaintiff's patent, reissue No. 5,027, division B, says: "The object of this notch is to allow a suitable wrench adapted for the purpose to engage therewith, whereby the said bushing may be turned into place without the wrench slipping from its seat, as would be the case with a bushing having a smooth surface." It will be observed that it is the notch which prevents the wrench slipping from its seat, and that it is the notch which is contrasted with "the smooth surface," and which prevents this bushing from being subject to the difficulty a smooth surface would occasion; and accordingly the claim specifies—"The screw-threaded metallic bung-bushing, made tapering upon both its outer and inner sides, and provided with the flange B having the V-shaped notch d, as and for the purpose described."

In the plaintiff's reissue, No. 5,026, division A, the specification, after describing the wrench, with a V-shaped projection adapted to fit a corresponding notch formed in the bushing, whereby the same may be turned into place, and also preventing the wrench from slipping from its seat, goes on to say that—"In using the said invention the core is inserted into the opening through the bushing, and turned until projection D falls into a notch formed in the bushing, which is adapted to fit the same, and by the contact of the projection within the notch the wrench is prevented from slipping from its seat, thereby enabling the bushing to be readily turned into place." Then follows a clause, which, it is contended on the part of the plaintiff, prevents his being confined to the device specified. It says: "We do not wish to confine ourselves exclusively to the V-shaped projection, as any form that will prevent the core from turning independently of the bush will produce the same result."

Upon this language it seems to me impossible to say that the patentees had in view every method whereby the core or wrench could be mechanically prevented from turning independently of the bushing. It is not any form of wrench or core, but any form of projection, that is meant, suited to engage with any corresponding notch in the bushing. Therefore, in the claims which follow, the projection D is retained as a distinctive feature of the invention. The device, which the plaintiff's patents extend to, covers every sort of direct physical engagement of some part of the wrench against some part of the bush. If it has a greater extension than this it must cover every means whereby a bung-bush may be screwed into a barrel by the application of force through a wrench.

The Littlejohn wrench operates in a different way from the patented device. As has already been noticed, the plaintiff's wrench cannot engage with and turn the defendant's bush. The defendant's wrench does not carry a core which fits closely into the bush, nor engage with it by any projection and corresponding cavity. It carries an eccentric ribbed boss or bit of metal fitted upon a part of the surface of a loosely fitting core. Upon turning the wrench in the proper direction the eccentric boss is pressed against the inner surface of the bush, and the friction thus caused is sufficient to turn the bush into the barrel. If this can be regarded as a mechanical equivalent for the plaintiff's device, then I see no limit to the extent of the plaintiff's right, and upon a patent for a V-shaped projection and corresponding aperture, he will have secured to himself every mechanical means whereby motion can be given to a rimmed hollow screw to force it

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

into its place. I do not think this the proper construction of his claims, nor a case for the application of the doctrine of mechanical equivalents, to the extent claimed.

On the plaintiff's own statement as to a wrench made by him, like the Littlejohn wrench, in 1867, when he was experimenting upon wrenches, it is apparent that having found it practically a failure, for whatever reason, he abandoned it, and did not attempt to include it in his patent. His device was the interlocking V-shaped projection and cavity. With the two devices present to his mind, no man could have chosen words so exclusively applicable to one, intending to include the other also. So that I feel no doubt in the conclusion that the plaintiff's patent not only does not, but was not intended to, include the Littlejohn form of wrench.

The decision on final hearing in the eastern district of Wisconsin, against Schumacher and Johnson, does not touch the question upon which, in my judgment, this case turns. On the motion for a preliminary injunction, in the case against the Bemis Brewing Company, the same learned judge who decided the former case refused to grant an injunction, unless a bond was given. The wrench produced in that case seems to me, in principle, not distinguishable from that here in controversy, though the other circumstances of the case are not fully disclosed. But a decision on a preliminary application for an injunction is not of controlling right in another circuit, as was held in Sargent Manuf'g Co. v. Woodruff [Case No. 12,368], and I feel so strong a conviction that the plaintiff cannot maintain his claim to the wrench used by the defendant, as an infringement of the plaintiff's patent, that I must act upon my own judgment in the premises.

The motion for injunction must be denied.

[NOTE. For other cases involving this patent, see Cornell v. Downer & Bemis Brewing Co., Case No. 3,236; also note to Schumacher v. Cornell, 96 U. S. 549.]